**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JULLEE CHAMBERLAIN,** | : | |
| | : | |
| **Plaintiff** | | **CIVIL ACTION NO. 3:16-1408** |
| | : | |
| **v.** | | |
| | : | **(JUDGE MANNION)** |
| **WYOMING COUNTY,** | | |
| | : | |
| **Defendant** | | |

**M E M O R A N D U M**

On November 13, 2018, the court issued a Memorandum and Order granting in part, and denying in part, the defendant Wyoming County's motion for summary judgment, pursuant to Fed.R.Civ.P. 56, with respect to all nine claims raised by plaintiff Jullee Chamberlain.[1] (Docs. 39 & 40). Remaining in this case are the plaintiff's disparate treatment disability discrimination claims against the County under Section 504 of the Rehabilitation Act and under the ADA, Counts 1and 6 of her amended complaint. Plaintiff filed a motion for reconsideration only with respect to the court's decision which granted summary judgment to the County on her claims under the Family Medical Leave Act ("FMLA"). (Doc. 42). In particular, the court granted the County's motion with respect to plaintiff's FMLA claims in Counts 4 and 5 of her amended complaint alleging interference and retaliation. The court also

---

[1]The court scheduled a final pre-trial conference in this case for February 7, 2019, and scheduled the trial to commence on March 19, 2019. (Doc. 41).

denied as moot the County's motion with respect to the issue of damages under the FMLA.

The plaintiff's motion has been briefed.[2] For the following reasons, the plaintiff's motion for reconsideration will be **DENIED**.

## I.    STANDARD OF REVIEW

A motion for reconsideration may be used to seek remediation for manifest errors of law or fact or to present newly discovered evidence which, if previously discovered, might have affected the court's decision. *United States el rel. Schumann v. Astrazeneca Pharmaceuticals, L.P.,* 769 F.3d 837, 848 (3d Cir. 2014) (citing *Max's Seafood Café v. Quineros,* 176 F.3d 669, 677 (3d Cir. 1999)); *Harsco Corp. v. Zlotnicki,* 779 F.2d 906, 909 (3d Cir. 1985). A party seeking reconsideration must demonstrate at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Lazaridis v. Wehmer,* 591 F.3d 666, 669 (3d Cir. 2010); *Max's Seafood Café,* 176 F.3d at 677 (citing *North River Ins. Co. v. CIGNA Reinsurance Co.,* 52 F.3d 1194, 1218 (3d Cir. 1995)). However, "[b]ecause federal courts have a strong interest in the finality of judgments, motions for

---

[2]Since the full procedural history of this case as well as the facts were stated in the court's November 13, 2018 Memorandum, they shall not be repeated herein.

reconsideration should be granted sparingly." *Continental Casualty Co. v. Diversified Indus. Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995).

Reconsideration is generally appropriate in instances where the court has "misunderstood a party, or has made a decision outside the adversarial issues presented to the [c]ourt by the parties, or has made an error not of reasoning, but of apprehension." *York Int'l Corp. v. Liberty Mut. Ins. Co.,* 140 F. Supp. 3d 357, 360–61 (3d Cir. 2015) *(*quoting *Rohrbach v. AT & T Nassau Metals Corp*., 902 F. Supp. 523, 527 (M.D. Pa. 1995)). It may not be used as a means to reargue unsuccessful theories that were presented to the court in the context of the matter previously decided "or as an attempt to relitigate a point of disagreement between the [c]ourt and the litigant." *Id*. at 361 (quoting *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002)). The "motion will not be granted merely because a party is dissatisfied with the court's ruling, nor will a court consider repetitive arguments that were previously asserted and considered." *Frazier v. SCI Med. Dispensary Doctor + 2 Staff Members*, No. 1:07-194, 2009 WL 136724, at *2 (M.D. Pa. Jan. 16, 2009) (collecting cases).

## II.    DISCUSSION

Plaintiff seeks the court to reconsider its November 13, 2018 Order and allow her FMLA interference and retaliation claims in Counts 4 and 5 to proceed to trial.

Plaintiff contends that even though there is no dispute that she did not request FMLA leave regarding her May 27-30, 2014 and her June 26 and 27 2014 hospitalizations, the court misapprehended the notice requirements of the FMLA since the County's internal procedures regarding FMLA leave, namely that an employee had to use all of her vacation, personal and sick time before requesting FMLA leave, were inconsistent with the requirements of the Act. Plaintiff states that only after the employee used up all of their time would the County provide the employee with FMLA documents and paperwork. As such, plaintiff states that "[the County's] internal policy of withholding notice of FMLA rights and access to FMLA protections until an eligible employee has exhausted other forms of leave violates the FMLA." Plaintiff then states that even though "the FMLA requires an employer to take affirmative action upon receiving notice of an employee leave that may be FMLA qualified," the County, based on its internal policies, "took no action until and unless an employee submitted a written request for FMLA leave- and did not make that process available until and unless the employee had exhausted all available sick, vacation and other leave." As such, plaintiff states that the issue as to whether she invoked the protections of the FMLA is not whether she requested FMLA leave but whether she provided the County with sufficient notice of her need for FMLA leave.

Thus, plaintiff contends that despite the fact that she did not submit requests for FMLA leave regarding her May 2014 and June 2014

4

hospitalizations, she "provided enough information regarding her May and June 2017 (sic) [2014] hospitalization leaves such that [the County] had knowledge that those leaves may be for FMLA qualifying reasons, and so invoked her rights under the FMLA." She argues that the County was obliged to notify her of her FMLA rights during her hospitalizations and to inquire whether she sought to use FMLA leave, and to provide her with the required paperwork and notices. She states that the failure of the County to do so, if that failure led to her loss of FMLA protections, constitutes an unlawful interference with her FMLA rights. She further states that she was not required to submit a written application for FMLA leave to invoke her rights and that even if she was, she could not request FMLA leave under the County's policies until she used up all of her other leave. Plaintiff also points out that she testified she did not apply for FMLA leave with respect to her May and June 2014 hospitalizations since she still had sick leave available and the County's policy was that she could only apply for FMLA leave when she was out of her other leave available.

Additionally, plaintiff argues that her FMLA retaliation claims should have been allowed to proceed in large part based on the temporal proximity between her May 2014 hospitalization and the June 20, 2014 complaint letter about her and, between her June 2014 hospitalization and her July 8, 2014 termination. She also states that based on her Declaration there was sufficient evidence to show that the County was aware of her June 2014

hospitalization even though the County's Rule 30(b)(6) designee, Henry, was not aware of it.

The court will first address the plaintiff's request for reconsideration regarding her FMLA retaliation claims. Plaintiff initially states that the court erred since she raised her FMLA retaliation claims for both her May and June 2014 hospitalizations and not just her May hospitalization as the court stated in its prior decision. The County points out, "[t]he fact that [plaintiff] never took FMLA covered leave in June 2014, forecloses any [retaliation] claim under the Act." Further, as discussed in the previous memorandum and below, plaintiff did not provide the County with sufficient notice that she was seeking FMLA leave for her June 2014 hospitalization. Even though plaintiff argues that the County was obliged to notify her of her FMLA rights during her hospitalizations, since she previously had applied for FMLA leave with the County and received it she was aware of her FMLA rights and how to request leave under the FMLA.

As to plaintiff's FMLA retaliation claim regarding her May 2014 hospitalization, as the court found in its prior memorandum, plaintiff failed to present sufficient evidence that she invoked her right to FMLA-qualifying leave for this hospitalization. "To succeed on an FMLA retaliation claim, a plaintiff must show that '(1) she invoked her right to FMLA-qualifying leave, (2) she suffered an adverse employment decision, and (3) the adverse action was causally related to her invocation of rights.'" Ross v. Gilhuly, 755 F.3d

185, 193 (3d Cir. 2014) (citing Lichtenstein, 691 F.3d at 302). Before taking leave, an employee must give their employer adequate notice about their need to take FMLA leave and "state a qualifying reason for the needed leave." 29 C.F.R. §825.301(b); *see also Hansler v. Lehigh Valley Hosp. Network*, 798 F.3d 149, 153 (3d Cir. 2015). Although an employee does not need to specifically and expressly request leave under the FMLA to qualify for protection, 29 C.F.R. §825.301(b), the employee does have to provide some notice to make the employer aware that the employee needs FMLA-qualifying leave and how long that leave will be. *Id*. §825.302(c). In determining whether the employee's notice to her employer was adequate, consideration must be given to "how the information conveyed to the employer is reasonably interpreted." Sarnowski v. Air Brooke Limousine, Inc., 510 F.3d 398, 402 (3d Cir. 2007).

As discussed below, the court finds that there is insufficient evidence to show that plaintiff provided the County with reasonably adequate notice to make it aware that she was seeking FMLA leave for her May 2014 and June 2014 hospitalizations, particularly since she successfully requested FMLA leave in the past and, was well-aware of how to request such leave and how to give the County notice that she was asserting her rights to leave under the FMLA. As the court stated in its prior memorandum, the plaintiff had previously requested FMLA during her employment with the County starting in September of 2002, and she was not denied FMLA leave when she

requested it. It is also clear from these undisputed facts that the County had provided plaintiff with notice about the FMLA and that plaintiff knew how to make the County aware that she was taking FMLA qualifying leave.

As such, the court finds that the plaintiff failed to prove that she invoked her right to FMLA-qualifying leave for her May 2014 and June 2014 hospitalizations. Thus, the County was entitled to summary judgment as to the plaintiff's FMLA retaliation claims regarding both her May 2014 and June 2014 hospitalizations.

Next, plaintiff contends that the court erred in granting the County summary judgment on her FMLA interference claims regarding her May 2014 and June 2014 hospitalizations. In order to establish a valid claim of interference, the employee must establish that: (1) she was an eligible employee under the FMLA; (2) the defendant was an employer subject to the FMLA's requirements; (3) the plaintiff was entitled to FMLA leave; (4) the plaintiff gave notice to the defendant of her intention to take FMLA leave; and (5) the plaintiff was denied benefits to which she was entitled under the FMLA. *Capps v. Mondelez Global, LLC*, 847 F.3d 144, 155 (3d Cir. 2017).

As plaintiff states in her reply brief, the record shows that she testified in her deposition about her June 2014 hospitalization. The record also shows that plaintiff missed two days of work during her June 2014 hospitalization but it was not listed as sick leave. However, the court found that prior to plaintiff's leave for June 26 and 27, 2014, the record indicated that plaintiff requested

FMLA leave in writing, that she knew how to request FMLA leave and, that plaintiff admitted that she did not apply for FMLA leave for her June 2014 hospitalization. Plaintiff contends, in part, that she did not have time to request FMLA leave for her June 2014 hospitalization since she was terminated soon thereafter. The court finds that plaintiff had ample time to amend her leave prior to her July 8, 2014 termination and to request, either in writing or verbally, FMLA leave regarding her June 2014 hospitalization but she did not do so. Although plaintiff averred in her Declaration that she notified the County of her June 2014 hospitalization, there is insufficient evidence that plaintiff provided the County with reasonably adequate notice that she was seeking FMLA leave for this hospitalization. Further, the County states that "[t]he fact that [plaintiff] never took FMLA covered leave in June 2014, forecloses any claim under the Act." No doubt that "Plaintiff cannot maintain an interference claim unless she was actually denied FMLA benefits." Sowell v. Kelly Services, Inc., 139 F.Supp.3d 684, 692 (E.D.Pa. 2015) (citing Callison v. City of Philadelphia, 430 F.3d 117, 119 (3d Cir. 2005)).

Thus, the court finds that plaintiff did not meet the notice requirement under the FMLA regarding her June 2014 hospitalization. As such, plaintiff failed to meet the fourth element of an interference claim for her June 2014 hospitalization since there was no evidence that she gave the County sufficient notice of her intention to take FMLA leave for her June 2014

hospitalization. Since, the plaintiff failed to produce sufficient evidence that she gave the County notice of her intention to take FMLA leave and was denied FMLA leave regarding her June 2014 hospitalization, the County was entitled to summary judgment on plaintiff's FMLA interference claim with respect to this hospitalization.

The court now considers plaintiff's FMLA interference claim regarding her May 2014 hospitalization. As the court stated in its prior memorandum:

> Plaintiff was hospitalized from May 27 through May 30, 2014 and the County was aware of it. The parties do not dispute that this hospitalization was FMLA protected. The County listed plaintiff's leave for these days as "sick leave" in its Stop Loss Claim Form. However, there is no indication in the record that plaintiff submitted a written request for FMLA leave regarding her May 27 through May 30, 2014 hospitalization.

As to her May 2014 hospitalization, plaintiff contends that the County's policy requiring her to exhaust all of her personal, sick and vacation time before she could request FMLA leave interfered with her rights under the FMLA. In Clark v. Philadelphia Housing Authority, 701 Fed.Appx. 113, 117 (3d Cir. 2017), the Third Circuit considered a similar contention. In *Clark*, the plaintiff based her FMLA interference claim on her contention that she was required to use one week of her accrued sick leave because her employer failed to offer her FMLA leave. The Third Circuit in *Clark*, affirmed the district court's dismissal of the plaintiff's claim with prejudice and, stated that "the FMLA provides that '[a]n eligible employee may elect, or an employer may require the employee, to substitute any of the accrued paid vacation leave,

personal leave, or medical or sick leave of the employee for leave provided."
Id. (citing 29 U.S.C. §2612(d)(2)(B)). Also, as in *Clark*, plaintiff Chamberlain
did not present any evidence that she was not able to take FMLA leave after
she used her accrued time. In fact, Gaylord testified that once plaintiff used
her accrued time, she could request FMLA leave, if appropriate. (Doc. 43-1).

Moreover, the court finds that there is not a triable issue of fact as to
whether plaintiff provided adequate notice to the County that she intended to
take FMLA leave for her May 2014 hospitalization. As such, plaintiff cannot
maintain her interference claim with respect to her May 2014 hospitalization
because the evidence shows that the County was not made aware that
plaintiff was taking FMLA qualifying leave. Thus, the County was entitled to
summary judgment on plaintiff's FMLA interference claim with respect to her
May 2014 hospitalization.

## III.    CONCLUSION

For the foregoing reasons, the plaintiff's motion for reconsideration,
(Doc. 42), will be **DENIED**. The court's November 13, 2018 Order, (Doc. 40),
granting the County's motion for summary judgment with respect to plaintiff's
FMLA claims in Counts 4 and 5 of her amended complaint alleging
interference and retaliation will not be disturbed.

A separate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: January 4, 2019**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2016 MEMORANDA\16-1408-02.wpd

12