# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JULLEE CHAMBERLAIN, | : |
| Plaintiff | : CIVIL ACTION NO. 3:16-1408 |
| v. | : |
| WYOMING COUNTY, | : (JUDGE MANNION) |
| Defendant | : |

## M E M O R A N D U M

On November 13, 2018, the court issued a Memorandum and Order granting in part, and denying in part, the defendant Wyoming County's motion for summary judgment, pursuant to Fed.R.Civ.P. 56, with respect to all nine employment discrimination related claims raised by plaintiff Jullee Chamberlain.[1] (Docs. 39 & 40). Plaintiff had been employed by the County for over 14 years until her termination in July of 2014. Remaining in this case are the plaintiff's disparate treatment disability discrimination claims against the County under Section 504 of the Rehabilitation Act ("RA"), and under the Americans with Disabilities Act ("ADA"), Counts 1 and 6 of her amended complaint. (Doc. 15).

On January 4, 2019, the County filed three motions *in limine*, (Docs. 48, 50, 54), and plaintiff filed one omnibus motion, (Doc. 56), raising five issues.

---

[1] The court scheduled a final pre-trial conference in this case for February 7, 2019, and scheduled the trial to commence on March 19, 2019. (Doc. 41).

The motions *in limine* have been briefed and exhibits were submitted.[2] For the following reasons, the motions *in limine* will be **GRANTED IN PART** and **DENIED IN PART**.

**I.    STANDARD OF REVIEW**

"The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." United States v. Tartaglione, 228 F.Supp.3d 402, 406 (E.D.Pa. 2017) (citation omitted). On a motion *in limine*, evidence should only be excluded "when the evidence is clearly inadmissible on all potential grounds." *Id*. Evidentiary rulings on motions *in limine* are subject to the trial judge's discretion and are therefore reviewed for an abuse of discretion. Abrams v. Lightolier, Inc., 50 F.3d 1204, 1213 (3d Cir. 1995) (citations omitted); Bernardsville Bd. of Educ. v. J.H., 42 F.3d 149, 161 (3d Cir. 1994). "The Court is vested with broad inherent authority to manage its cases, which carries with it the discretion and authority to rule on motions *in limine* prior to trial." Ridolfi v. State Farm Mutual Automobile Insurance Company, 2017 WL 3198006, *2  (M.D.Pa. July 27, 2017) (citations omitted). Further, "Courts may exercise this discretion in order to ensure that juries are not exposed to unfairly prejudicial, confusing or irrelevant evidence." *Id*. (citation omitted).

---

[2]Since the full procedural history of this case as well as the facts were stated in the court's November 13, 2018 Memorandum, they shall not be repeated herein. (Doc. 39).

2

"A trial court considering a motion *in limine* may reserve judgment until trial in order to place the motion in the appropriate factual context." United States v. Tartaglione, 228 F.Supp.3d 402, 406 (E.D.Pa. 2017) (citation omitted). "Further, a trial court's ruling on a motion *in limine* is 'subject to change when the case unfolds, particularly if actual testimony differs from what was contained in the movant's proffer.'" *Id.* (citing Luce v. United States, 469 U.S. 38, 41, 105 S.Ct. 460 (1984)).

In considering motions *in limine,* "[t]he Federal Rules of Evidence can aptly be characterized as evidentiary rules of inclusion, which are designed to broadly permit fact-finders to consider pertinent factual information while searching for the truth." Univac Dental Co. v. Dentsply Int'l, Inc., 268 F.R.D. 190, 196 (M.D. Pa. 2010). This inclusiveness is demonstrated by way of Rule 401's expansive definition of relevant evidence, Rule 402's definition of the admissibility of relevant evidence in sweeping terms, and Rule 403's description of the grounds for exclusion as an exception to the general rule favoring admission of relevant evidence. Id. at 196-97.

Rule 402 expansively permits the admission of all "relevant evidence," defined as "[having] any tendency to make a fact more or less probable than it would be without the evidence," with that fact being "of consequence in determining the action." F. R. Evid. 401. Rule 403 nonetheless permits the court to exclude relevant evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or

3

needlessly presenting cumulative evidence." *See* Coleman v. Home Depot, Inc., 306 F.3d 1333, 1343 (3d Cir. 2002) (Third Circuit stated that "Rule 403 recognizes that a cost/benefit analysis must be employed to determine whether or not to admit evidence; relevance alone does not ensure its admissibility."). These broad principles define the court's discretion in considering motions *in limine*.

Additionally, the movant has the burden to show that the evidence is inadmissible on any relevant ground. *See* Leonard v. Stemtech Health Sciences, Inc., 981 F.Supp.2d 273, 276 (D.De. 2013).

## II. DISCUSSION

### A. Plaintiff's Omnibus Motion *In Limine*

Plaintiff filed one omnibus motion, (Doc. 56), raising five issues.

Initially, with respect to the third issue in plaintiff's motion *in limine*, i.e., motion to preclude the County from presenting any evidence regarding plaintiff's attorney retention or fees, the County represents that it will not be presenting evidence regarding this issue. Thus, the court will **DENY AS MOOT** this issue in plaintiff's motion.

Also, with respect to the fourth issue in plaintiff's motion *in limine*, i.e., motion to preclude the County from presenting any evidence regarding the effects of a judgment against it on insurance or taxes, the County represents that it will not be presenting evidence regarding this issue. Thus, the court will **DENY AS MOOT** this issue in plaintiff's motion.

Additionally, with respect to the fifth issue in plaintiff's motion *in limine*, i.e., motion to exclude expert reports and testimony by the County since none were disclosed within the deadline set by the court, the County concurs in the motion with the understanding that plaintiff does not intend to offer any expert testimony or report of her own. As such, the court will **DENY AS MOOT** this issue in plaintiff's motion.

Next, plaintiff's motion *in limine* seeks to exclude the County from presenting any evidence and testimony regarding the decision of the union arbitrator with respect to plaintiff's employment disability discrimination claims arguing it is not relevant. The County argues that "the decision of the Union Arbitrator to deny reinstatement to the Plaintiff supports [its] decision to terminate her employment and therefore is admissible under Rule 402."

The court finds that even if the evidence regarding the union arbitrator's decision is relevant under FRE 401 and 402, this evidence should be excluded since "its probative value is substantially outweighed by the danger of unfair prejudice...." Fed.R.Evid. 403. The court finds that the admission of the union arbitrator's decision into evidence will be unfairly prejudicial to plaintiff since the jury could still find that the County violated §504 of the RA and the ADA notwithstanding the decision of the arbitrator and, since the court finds that the jury may give undue weight to the arbitrator's decision that plaintiff was not entitled to her job back. *See* Supinski v. United Parcel Service, Inc., 2012 WL 290538145, *9 (M.D.Pa. July 16, 2012) (court precluded the admission of the PHRC's decision that plaintiff was not

5

disabled under ADA as evidence in trial based on FRE 403, in part, since "[defendant] could well have violated the ADA independent of the general findings of the PHRC", and "because of fear that a jury would give undue weight to the decisions [and the findings] of a government agency [PHRC].").

Similar to the instant case, in Fowler v. Dallas Borough, 2010 WL 1329041, *2 (M.D.Pa. March 29, 2010), the defendant filed a motion *in limine* to exclude any evidence related to the arbitration and arbitrator's award ordering plaintiff's reinstatement in a case in which the plaintiff raised a disability discrimination claim under the ADA. The court granted the defendant's motion *in limine* and found that even though the jury would "likely have to examine much the same evidence used by the arbitrator in making its decision [to determine if plaintiff established an ADA claim]", the opinion of the arbitrator and the issues he decided "[were] not relevant to the legal questions in th[e] case." The court stated that the decision and the opinion of the arbitrator "do not make it more or less likely that plaintiff suffered discrimination on the basis of the ADA ...." The court further found that "to the extent that the arbitrator offered an opinion on defendant's alleged discrimination and plaintiff's alleged physical condition, such an opinion would serve only to confuse the jury and prejudice the case."

Thus, the court will **GRANT** plaintiff's motion *in limine* insofar as it seeks to exclude the County from presenting any evidence and testimony regarding the decision of the union arbitrator with respect to plaintiff's employment disability discrimination claims.

6

Finally, plaintiff's motion *in limine* seeks to exclude the County from presenting any after-acquired evidence regarding her alleged misconduct involving the destruction of computer files and, evidence that she changed key passwords and refused to provide passwords when she was asked for them. Plaintiff argues that such evidence is not relevant and is highly prejudicial to her. Plaintiff also contends that the County should be precluded from presenting after-acquired evidence since the alleged misconduct occurred after she was advised of her termination.

The County opposes the motion and states that although "after-acquired evidence of a former employee's misconduct will not prevent an employer from being held liable for discrimination," such evidence "can limit the remedies available to the employee." (Doc. 58, at 3-4). Specifically, the County contends that "[w]here the employer establishes the affirmative defense of after-acquired evidence, "neither reinstatement nor front pay is an appropriate remedy." (Doc. 58, at 3-4) (citing McKennon v. Nashville Banner Publ. Co., 513 U.S. 352, 115 S.Ct. 879 (1995)). The County maintains that if it meets its burden of showing after-acquired evidence of plaintiff's misconduct, "[d]amages should be calculated "from the date of the unlawful discharge to the date the new information was discovered." (Id.) (citing McKennon, 513 U.S. at 361-62).

In Nesselrotte v. Allegheny Energy, Inc., 615 F.Supp.2d 397, 402-03 (W.D.Pa. 2009), the court explained the after-acquired evidence doctrine and stated:

"'After-acquired evidence' in an employment discrimination case denotes evidence of the employee's or applicant's misconduct or dishonesty which the employer did not know about at the time it acted adversely to the employee or applicant, but which it discovered at some point prior to, or, more typically, during, subsequent legal proceedings." Mardell v. Harleysville Life Ins. Co., 31 F.3d 1221, 1222 (3d Cir. 1994), *judgment vacated by* 514 U.S. 1034, 115 S.Ct. 1397 (1995) (in light of McKennon v. Nashville Banner Publ. Co., 513 U.S. 352, 115 S.Ct. 879 (1995)). While after-acquired evidence of a former employee's misconduct will not prevent an employer from being held liable for discrimination, it can limit the remedies available to the employee. McKennon, 513 U.S. at 354, 115 S.Ct. 879. Where the employer establishes the affirmative defense of after-acquired evidence, "neither reinstatement nor front pay is an appropriate remedy." *Id*. at 361–62, 115 S.Ct. 879. "The beginning point in the trial court's formulation of a remedy should be calculation of backpay from the date of the unlawful discharge to the date the new information was discovered." *Id*. at 362, 115 S.Ct. 879.

Further, "[w]here an employer seeks to rely upon after-acquired evidence of wrongdoing, it must first establish that the wrongdoing was of such severity that the employee in fact would have been terminated on those grounds alone if the employer had known of it at the time of the discharge." *Id*. at 404 (quoting McKennon, 513 U.S. at 362–63). Additionally, even though plaintiff's alleged misconduct occurred after the County's "adverse decision was made and communicated to plaintiff, this does not prevent [the County] from relying on the after-acquired evidence defense", and each case must be considered on its own based on the facts and "the equitable considerations." *Id*. at 405 (citing McKennon, 513 U.S. at 361).

According to the County, Deutsch indicated that "a black box containing

8

log on and password information was missing from the office the day afer [plaintiff] was fired." Deutsch stated that "[t]he loss of those items caused havoc in the office because banking, board reports and financial reports were now unaccessible", and that [plaintiff] had changed the administrative password for QuickBooks." Based on Deutsch's representations, the County has presented sufficient evidence to create a factual issue as to whether the plaintiff's alleged wrongdoing was severe enough to warrant plaintiff's termination.

In her deposition, plaintiff denied that she deleted files on her County owned computer and, denied that she entered the County building after she was terminated. As such, the County contends that the jury should hear this evidence and decide whether plaintiff or the County is telling the truth.

No doubt that the evidence is disputed as to whether plaintiff engaged in misconduct that was discovered shortly after she was terminated. Based on the above, the court will allow the County to assert the after-acquired evidence defense regarding plaintiff's alleged misconduct. *See* Nesselrotte, 615 F.Supp.2d at 405; McKennon v. Nashville Banner Pub. Co., 513 U.S. 352, 362-63 (1995) (the after-acquired evidence doctrine limits recovery as of the time the nondiscriminatory alleged misconduct that would warrant termination is discovered). Thus, if the doctrine applies, plaintiff can only recover damages for the time between her allegedly discriminatory termination and when the County discovered the alleged misconduct.

Therefore, the court will **DENY** plaintiff's motion *in limine* to preclude

the County from offering after-acquired evidence showing that the plaintiff engaged in wrongful conduct. The jury will then decide if plaintiff engaged in the alleged wrongful conduct after her termination. If the jury finds that the County establishes the affirmative defense of after-acquired evidence, plaintiff may be barred from seeking reinstatement and front pay as damages. *See id*. at 407; McKennon, 513 U.S. at 361-62 (if the employer establishes after-acquired evidence of wrongdoing, "as a general rule", "neither reinstatement nor front pay is an appropriate remedy"). Plaintiff may still be able to recover backpay even if the County establishes after-acquired evidence of wrongdoing. McKennon, 513 U.S. at 362. "The beginning point in the trial court's formulation of a remedy should be calculation of backpay from the date of the unlawful discharge to the date the new information was discovered", and "[i]n determining the appropriate order for relief, the court can consider taking into further account extraordinary equitable circumstances that affect the legitimate interests of either party." *Id.*[3]

---

[3]The court will instruct the jury that any damages for back pay will be determined by the court. One equitable remedy available to a prevailing plaintiff in an ADA case is back pay which may be awarded "at the discretion of the court." Eshelman v. Agere Systems, Inc., 554 F.3d 426, 440-41 (3d Cir. 2009) (citations omitted). Further, since the ADA incorporates the remedies provided for in Title VII of the Civil Rights Act of 1964, 42 U.S.C. §12117(a), Eshelman, 554 F.3d at 440 n. 7, and "front pay" is an equitable remedy authorized under Title VII, Pollard v. E.I. du Pont de Nemours & Co., 532 U.S. 843, 850-54, 121 S.Ct. 1946 (2001), plaintiff may also be able to recover front pay if she prevails.

### B. The County's Motions *In Limine*

#### *1. Motion to Preclude Evidence Regarding Requests for Accommodations*

The County contends that plaintiff should be precluded on the grounds of relevance from presenting evidence or claims regarding her alleged requests for accommodations and evidence that those requests were denied. The County states that plaintiff's ADA claims regarding requests for accommodations are no longer issues in the case since the court granted its summary judgment motion in this respect. As such, the County states that any testimony or evidence regarding plaintiff's for accommodation are "irrelevant to [her] claims, offer no probative value, and would result in unfair prejudice, confuse the issues, and mislead the jury."

Plaintiff argues that evidence regarding her requests for accommodation for her disabilities are relevant, even though the court granted the County summary judgment on her failure to accommodate claims (Counts 2 and 7), to show that she was an individual with disabilities and that the County knew she had disabilities.

No doubt that to establish a prima facie case of disability discrimination under the ADA, plaintiff must demonstrate:

> (1) that she is a disabled person within the meaning of the ADA; (2) that she is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and (3) that she has suffered an otherwise adverse employment decision as a result of discrimination.

Reyer v. Saint Francis Country House, 243 F.Supp.3d 573, 591 (E.D.Pa.

2017) (citing Gaul v. Lucent Techs., 134 F.3d 576, 580 (3d Cir. 1998)).[4]

Plaintiff states that since she must prove that the County was aware of her disabilities, she must be permitted to present evidence that she notified the County of her disabilities, and that "some of her testimony and evidence that will prove [the County's] awareness of her disabilities will involve her requests for accommodation."

In its November 13, 2018 Memorandum, 2018 WL 5920641,*8, the court stated:

> It appears that the County is not contesting that the plaintiff had disabilities under the meaning of the ADA, that it was aware of plaintiff's disabilities at all relevant times and, that it took adverse employment actions against plaintiff, i.e., it disciplined her and then terminated her. Nor does the County contest plaintiff's allegation that she was a "qualified individual with a disability." However, the County contends that the plaintiff has to show more than simply it knew of her disabilities and, it contends she has failed to establish that her disabilities were a determinative factor in its decision to terminate her.

In denying the County's summary judgment motion with respect to plaintiff's RA and ADA claims, the court then found that plaintiff "presented evidence that would allow the jury to infer that the County's proffered non-discriminatory reason was a "post hoc fabrication", and stated that "[t]he jury will determine if the County's supervisory personnel directed plaintiff's co-workers to write the complaint letter and if they did so to create a pretext

---

[4]Section 504 and ADA claims are subject to the same analysis and thus are addressed at the same time. *See* Weidow v. Scranton Sch. Dist., 460 Fed.Appx. 181, 184 (3d Cir. 2012).

12

for the decision to terminate plaintiff." *Id*. at *8-*9. Thus, the court found that plaintiff presented "sufficient evidence to proceed to trial on her disparate treatment disability discrimination claims against the County under the RA and the ADA, Counts 1 and 6." *Id*.

In its instant motion, the County contends that the only issue in this case for the jury to decide is whether it has established a legitimate non-discriminatory reason for plaintiff's termination, i.e., the complaint letter from plaintiff's co-workers, and if so, whether plaintiff can meet her burden to "provide evidence from which a factfinder could reasonably infer that [its] proffered justification is merely a pretext for [disability] discrimination." Burton v. Teleflex Inc., 707 F.3d 417, 426 (3d Cir. 2013). Wilkie v. Luzerne County, 207 F.Supp.3d 433, 437 (M.D.Pa. 2016) ("Should the employer meet this burden, the burden of production shifts back to the plaintiff to establish that a jury "could reasonably either (1) disbelieve the employer's articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating factor or determinative cause of the employer's action.") (citation omitted).

The court finds, however, that plaintiff will not need to present any evidence regarding her requests for accommodations to meet her burden with respect to her RA and ADA claims.

Thus, the court will **GRANT** the County's motion *in limine* to preclude plaintiff from presenting any evidence regarding her requests for accommodations. (Doc. 48).

### *2. Motion to Preclude Plaintiff's Claim for Loss of Future Earnings*

As relief in her amended complaint with respect to her remaining claims, (Doc. 15), plaintiff seeks, in part, back pay and front pay, damages for lost income and benefits at the same level as if she had been fully employed since her termination by the County, compensatory damages, and punitive damages. Plaintiff also testified that she was willing to return to work at the County, i.e., reinstatement. The County moves to exclude evidence regarding any wage loss by plaintiff which relates only to her claim for front pay. The County states that since there is no evidence produced showing that plaintiff suffered any wage or monetary loss as a result of her termination, she should be precluded from presenting any evidence at trial regarding loss of future earnings or wage loss. The County states that the evidence showed that:

> After her termination, [plaintiff] immediately started working full-time for EIHAB Human Services with whom she had worked part-time while she was employed at Wyoming County. [Plaintiff] has presented no evidence that she suffered actual monetary loss as a result of her termination. Additionally, [plaintiff] has not sought work since voluntarily leaving the employ of EIHAB Human Services in April of 2015.

Further, plaintiff failed to submit an expert report regarding her alleged loss of future earnings, according to the County, and the time to do so has expired. The County states "expert testimony is required to establish projected earnings and reduce those earnings to present value."

Based on the County's reasoning, the jury will be required to speculate

as to plaintiff's alleged lost future earnings. Thus, the County essentially argues that evidence regarding plaintiff's claim for lost future wages should be precluded because there is no proper factual foundation.

Plaintiff argues that she should be allowed to present evidence regarding her loss of future wages in support of her claim for front pay and that such evidence is admissible. She states that the County is aware of her former wage history and that she provided it with documents during discovery regarding her income, wage loss, and mitigation efforts. She attached copies of relevant discovery requests to her brief. (Doc. 61, Ex. A). Plaintiff also states that she will testify at trial about her income, wage losses and mitigation efforts. Plaintiff further states that the evidence showed during her employment with the County, she was also employed part-time, at a lower hourly rate with EIHAB. She states that when the County terminated her, she partially mitigated her damages by assuming full-time work with EIHAB, at a lower hourly rate, and that this shows she incurred wage loss. Thus, even though plaintiff states that she mitigated her damages by finding other full-time work, her pay was less than it was with the County, and this shows that she still has a loss of future wage claim and is entitled to front pay.

In <u>Feldman v. Philadelphia Hous. Auth</u>., 43 F.3d 823, 831 (3d Cir. 1994), the Third Circuit stated that "[t]he equitable remedy of reinstatement is available for [employment] discharges that violate 42 U.S.C. §1983, and reinstatement is the preferred remedy to cover the loss of future earnings." "However, reinstatement is not the exclusive remedy because it is not always

15

feasible ...." *Id*. "When reinstatement is not appropriate, front pay is the alternate remedy." *Id*. (citations omitted). In the present case, although plaintiff stated that she would accept reinstatement, she indicates that the County is not willing to reinstate her. Plaintiff also seeks front pay.

In Eichorn v. AT & T Corp., 484 F.3d 644, 650 n. 3 (3d Cir. 2007), the Third Circuit noted that expert testimony is "not always required to prove damages in cases where projected future earnings are part of the calculation." However, the Court also stated that under FRE 701, a lay witness is required to have a "reasonable basis grounded either in experience or specialized knowledge for arriving at the opinion that he or she expresses." *Id*. at 649. In Eichorn, the Third Circuit found that the district court did not abuse its discretion in precluding lay testimony regarding plaintiff's loss of future earnings since it was not based on either experience or personal knowledge and the calculations required to determine such damages were "sufficiently complex."

"Under the Lightning Lube v. Witco Corp., 4 F.3d 1153 (3d Cir.1993), exception, [plaintiff's] testimony regarding facts within [her] personal knowledge (such as [her] current and past earnings)" should be permitted by the court. Donlin v. Philips Lighting North America Corp., 581 F.3d 73, 83 (3d Cir. 2009); *see also* Branning v. Wyoming County, 2018 WL 2090807, *3 (M.D.Pa. May 1, 2018) (court held that "simple calculations of front pay based on past earnings history do not require the use of experts.") (citing Maxfield v. Sinclair Int'l, 766 F.2d 788 (3d Cir. 1985)). However, the

16

testimony of plaintiff cannot go "beyond [the] easily verifiable facts within [her] personal knowledge" and to any facts that require "forward-looking speculation for which [she] lacks the necessary [expert] training." *Id*. Thus, plaintiff will not be permitted to present testimony regarding her loss of future wages that is of "a specialized or technical nature" and that is not within her personal knowledge. *See Donlin, supra.*

Additionally, in Hansen v. Sally Hansen Div. Dist., 2015 WL 5029573, *3 (M.D.Pa. Aug. 25, 2015), the court precluded evidence at trial regarding plaintiff's future wage loss claim because it was based only on conclusory averments. The court indicated that "conjecture is not enough—there must be sufficient data from which damages can be assessed and loss of earning power must be supported by proper and satisfactory proof." *Id*.

In the instant case, the court will not preclude all evidence regarding plaintiff's claim for loss of future earnings and, will allow, within the stated limits, such evidence and testimony, i.e., plaintiffs will not be allowed to speculate or testify to any wage loss issues that are of a "specialized or technical nature" and that are not within her personal knowledge. The County will be able to cross-exam plaintiff with respect to her future wage loss claim. However, if at trial, plaintiff's testimony regarding her wage loss claim does not fit within the above parameters delineated by the court, the County can object. *See* Tartaglione, 228 F.Supp.3d at 406 ("a trial court's ruling on a motion *in limine* is 'subject to change when the case unfolds, particularly if actual testimony differs from what was contained in the movant's proffer.'").

Moreover, even if lost wages are equitable remedies that must be ultimately determined by the court, "the evidence must still be presented [at trial] before the decision-maker can make a decision." <u>Davies By and Through Davies v. Lackawanna County</u>, 2018 WL 924205, *3 (M.D.Pa. Feb. 14, 2018).

Therefore, the County's motion *in limine* to preclude plaintiff from introducing evidence regarding her claim for lost future earnings will be **DENIED**, and plaintiff will be allowed to present such evidence if she establishes a proper foundation, as discussed.

### *3. Motion to Preclude Testimony Regarding Statements Made by Former County Commissioner Ron Williams*

The County states that plaintiff should be precluded from presenting evidence regarding statements made by former Commissioner Ronald Williams since he is "unavailable for trial due to his death." It states that Williams died on December 16, 2018. Under FRE 804(a)(4), the County points out that "a declarant is unavailable when he cannot be present or testify at the trial or hearing because of death." The County indicates that it believes plaintiff intends to testify about statements made by Williams to support her claims, but it contends that none of the hearsay exceptions listed in FRE 804 allow plaintiff to give such testimony.

Plaintiff states that Williams was a County Commissioner at the time of her termination, and, as an agent of the County, he had authority over her employment rendering his statements not hearsay. Rather, plaintiff argues

Moreover, even if lost wages are equitable remedies that must be ultimately determined by the court, "the evidence must still be presented [at trial] before the decision-maker can make a decision." <u>Davies By and Through Davies v. Lackawanna County</u>, 2018 WL 924205, *3 (M.D.Pa. Feb. 14, 2018).

Therefore, the County's motion *in limine* to preclude plaintiff from introducing evidence regarding her claim for lost future earnings will be **DENIED**, and plaintiff will be allowed to present such evidence if she establishes a proper foundation, as discussed.

### *3. Motion to Preclude Testimony Regarding Statements Made by Former County Commissioner Ron Williams*

The County states that plaintiff should be precluded from presenting evidence regarding statements made by former Commissioner Ronald Williams since he is "unavailable for trial due to his death." It states that Williams died on December 16, 2018. Under FRE 804(a)(4), the County points out that "a declarant is unavailable when he cannot be present or testify at the trial or hearing because of death." The County indicates that it believes plaintiff intends to testify about statements made by Williams to support her claims, but it contends that none of the hearsay exceptions listed in FRE 804 allow plaintiff to give such testimony.

Plaintiff states that Williams was a County Commissioner at the time of her termination, and, as an agent of the County, he had authority over her employment rendering his statements not hearsay. Rather, plaintiff argues

that Williams' statement are relevant and admissible under FRE 801 as a statement made by an opposing party "in an individual or representative capacity" or "by the party's agent or employee on a matter within the scope of that relationship and while it existed." As such, plaintiff contends that her testimony regarding statements made by "Williams as a representative of [the County] regarding [her] employment relationship with [the County] [and her termination] is not hearsay" and, that no exception to the hearsay rule is required.

No doubt that "[h]earsay is generally not admissible, except as provided by law." (citing Fed.R.Evid. 802). van de Kamp v. Transdermal Specialties, Inc., 2018 WL 6505538, *4 (E.D.Pa. Dec. 10, 2018). "A determination as to whether a statement is hearsay, or qualifies as an exception to the general prohibition, is dependent on the substance of the statement and the context in which the evidence is presented." *Id*. Further, "[t]o be hearsay, an out-of-court statement must have been intended as an assertion when made by the declarant, and must be introduced for the truth of the proposition of fact embedded in the assertion." *Id*. (citing Fed.R.Evid. 801(a), (c).

As in the van de Kamp case, since the court is not yet aware of the details of the alleged hearsay statements of Williams or "the context in which the statement[s] [are] offered", [the court] cannot determine, at this time, whether or not [Williams'] statement[s] [are] hearsay or constitute[] an applicable exception to hearsay." *Id.*

Thus, the County's motion *in limine* to preclude plaintiff from presenting

19

any testimony or evidence regarding statements made by Williams, Doc. 54, will be **DENIED** without prejudice.

III. **CONCLUSION**

For the foregoing reasons, the plaintiff's omnibus motion *in limine*, (Doc. 56), is **GRANTED IN PART** and **DENIED IN PART**, as discussed above.

In particular, the plaintiff's motion *in limine* is **GRANTED** to the extent that it seeks to exclude the County from presenting any evidence and testimony regarding the decision of union arbitrator. The plaintiff's motion *in limine* to preclude the County from offering after-acquired evidence showing that the plaintiff engaged in wrongful conduct is **DENIED**.

The County's motion *in limine* to preclude plaintiff from presenting any evidence regarding her requests for accommodations, (Doc. 48), is **GRANTED**. The County's motion *in limine* to preclude plaintiff from introducing evidence regarding her claim for lost future earnings, (Doc. 50), is **DENIED**. The County's motion *in limine* to preclude plaintiff from presenting any testimony or evidence regarding statements made by Williams, (Doc. 54), is **DENIED** without prejudice.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: February 19, 2019**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2016 MEMORANDA\16-1408-03.wpd